IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WNS HOLDINGS, LLC, INTELLIGENT
TECHNOLOGIES INTERNATIONAL,
INC., and MARK ALAN EBERWINE,

                                                          OPINION and ORDER

                  Plaintiffs,

                                                          3:08-cv-275-bbc

    v.

UNITED PARCEL SERVICE, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant United Parcel Service, Inc. has moved under 28 U.S.C. § 1404(a) to transfer this patent infringement suit to either the Western District of Kentucky or the Northern District of Georgia, and has moved to sever plaintiffs' claims under Rule 21 of the Federal Rules of Civil Procedure. Because defendant has failed to meet its burden of establishing that either of the transferee forums is "clearly more convenient," and defendant has not established that severance is necessary at this juncture, I will deny its motions.

      From the complaint and the documents submitted by the parties in connection with the pending motions, I draw the following facts, solely for the purpose of deciding these motions.

## FACTS

1

Plaintiffs WNS Holdings, LLC, Intelligent Technologies International, Inc. and Mark Alan Eberwine contend that avionics safety systems incorporated into aircraft operated by defendant United Parcel Service, Inc. infringe five patents that relate to aircraft collision avoidance technology or aircraft emergency detection systems. Specifically, plaintiffs allege that defendant's avionics safety systems infringe United States Patents Nos. 6,314,366 and 5,351,194, owned by WNS Holdings; United States Patents Nos. 6,405,132 and 7,295,925, owned by Intelligent Technologies International; and United States Patent No. 5,392,052, owned by Eberwine.

Plaintiff WNS Holdings is a Georgia limited liability company with its principal place of business in Grand Rapids, Michigan. Some of the inventors of plaintiff WNS Holdings patents live in Georgia. Plaintiff Intelligent Technologies International is a Delaware corporation with its principal place of business in Denville, New Jersey. Plaintiff Eberwine is an individual residing in Texas.

Defendant is a Delaware corporation with its principal place of business in Georgia. Defendant is in the business of worldwide package delivery. Louisville, Kentucky is defendant's aircraft operations hub and home to employees who work on its aircraft, including employees who purchase, install and evaluate its avionics safety systems.

OPINION

A. Transfer of Venue

Under 28 U.S.C. § 1404(a), a court may transfer a case to another district if transfer serves the convenience of the parties and witnesses or the interests of justice. In ruling on a § 1404(a) transfer motion the court must consider all the circumstances of the case, using the three statutory factors as place holders in its analysis. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). Defendant bears the burden of proving that either the Western District of Kentucky or the Northern District of Georgia is "clearly more convenient" than the Western District of Wisconsin. Id. at 219-20. I conclude that defendant has failed to meet this standard for either of the proposed transferee venues. Although I agree with defendant that the Western District of Wisconsin is not a particularly convenient venue for the parties, defendant has not shown that the Northern District of Georgia or the Western District of Kentucky would be appreciably more convenient. Moreover, the interest of justice favors retaining venue in this district.

1. Western District of Kentucky

Defendant argues that the Western District of Kentucky would be more convenient for its aircraft employees, many of whom reside and work in Kentucky, where its aircraft operations are headquartered. However, defendant does not elaborate on the anticipated

3

relevance of any testimony of these employees. It is not self-evident that those who purchase and install equipment would be relevant fact witnesses on the issues of infringement, validity or damages. It seems more likely that employees of the system component manufacturers would possess knowledge relevant to infringement, and there is nothing to suggest that the convenience of such witnesses would be advanced by transfer. Merely listing witnesses who live in a particular forum, without identifying the legal relevance of their testimony, does not justify transfer. Trouve Enterprises v. Newell Rubbermaid, Inc., No. 3:07-cv-0601-bbc, 2008 U.S. Dist. LEXIS 7827, *7 (W.D. Wis. Feb. 1, 2008).

Defendant argues unpersuasively that the Western District of Kentucky is more convenient because defendant "procured, tested, implemented, and currently maintains all of the allegedly infringing aircraft systems and devices" in Kentucky and that is where most of its relevant documents are maintained. (Def's. Mem. in Supp., dkt. #20, at 11; Decl. of Gregory W. Kuehl, dkt. #23, ¶ 5.) These facts do not favor transfer. Patent infringement suits "involve a comparison of the alleged infringing device with the language of the patent claims." It is not clear how the location of these events makes Kentucky a more convenient forum for presenting relevant evidence at trial. Adams v. Newell Rubbermaid, Inc., No. 07-C-313-S, 2007 U.S. Dist. LEXIS 62512, *5 (W.D. Wis. Aug. 21, 2007). With technological advancements such as email, photocopying, scanning and the trend toward creating documents electronically, the physical location of documentary evidence is not a significant

4

factor.

Overall, there is nothing in the record to suggest that trial in the Western District of Kentucky would be substantially more convenient to the parties or witnesses than trial in this court.  At most, defendant's contentions demonstrate that the Western District of Kentucky is as convenient as this forum.  But "[w]hen there is no clear showing of convenience to the moving party, the filing party's choice of forum should prevail."  Ricoh Co., Ltd. v. Asustek Computer Inc., No. 06-C-0462-C, 2007 WL 5514734, *2 (W.D. Wis. Jan. 8, 2007).

Initially, the relative speed of the dockets suggests that the interests of justice would be adversely affected by transfer.  The median time from filing to civil trial in this district is 10.4 months, whereas the median time is 31.0 months in the Western District of Kentucky.  Federal Court Management Statistics (2007), http://www.uscourts.gov/cgi-bin/cmsd2007.pl.  Although speed plays a less important role here because the parties are not direct competitors and plaintiffs are seeking only monetary compensation, there is nothing improper with choosing to litigate in a forum that offers the possibility of a speedier trial, so long as venue is proper there.  Coffey, 796 F.2d at 221 (finding interests of justice are served by litigating suit "where the litigants are more likely to receive a speedy trial").

Other factors must exist to outweigh the interests of justice served by docket speed.  See, e.g., Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc., 512 F. Supp. 2d

5

1169, 1176 (W.D. Wis. 2007) (transferring case where opportunity for consolidation more important than docket speed); Broadcom Corp. v. Agere Systems, Inc., No. 04-C-066-C, 2004 WL 1176168, *3 (W.D. Wis. May 20, 2004) (transferring case to district where related case was pending).  Defendant offers two unpersuasive factors: the presence of potential employee witnesses in Kentucky and the possibility that jurors in Kentucky have a greater interest in the outcome of the case.  The location of defendant's potential employee witnesses serves as a neutral factor in the interests of justice analysis "because of the assumption that 'witnesses within the control of the party calling them, such as employees, will appear voluntarily.'" Adams, 2007 U.S. Dist. LEXIS 62512, *6 (quoting FUL Inc. v. Unified School District No. 204, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993)).

In terms of which jurors have a greater interest in the underlying issues in the case, jurors of any state have an equal interest in avionic safety.  Defendant's package-delivery operations are not limited to Georgia or Kentucky, but are global.  Defendant operates airplanes throughout the country, including in Wisconsin, Def.'s Reply Brief, dkt. #46, at 17,  and aviation safety is of concern to citizens of all states, including Wisconsin.

2.   Northern District of Georgia

The only basis for suggesting that transfer to the Northern District of Georgia will advance convenience interests is that defendant has its corporate headquarters in Atlanta

6

and plaintiff WNS previously had its principal place of business there.  Neither of these facts suggests that the Northern District of Georgia is a more convenient forum for the parties.

In the Northern District of Georgia, civil cases take an average of 27.9 months from filing to trial.  Federal Court Management Statistics (2007), http://www.uscourts.gov/cgi-bin/cmsd2007.pl.  In an effort to overcome the docket speed factor, defendant asserts that the interests of justice warrant transfer to the Northern District of Georgia because potential third-party witnesses, such as inventors of plaintiff WNS Holdings' patents, are not subject to compulsory process of this court, but are within the subpoena power of the Northern District of Georgia.  Defendant also mentions, without specifying individuals, that former executives and directors of plaintiff WNS Holdings reside near Atlanta, Georgia.

General concern about potential uncooperative witnesses does not favor transfer. Although it is true that the individuals identified by defendant are not within the subpoena power of this court, "defendant[] cannot establish that transfer is appropriate simply by identifying potentially important third party witnesses that live in or nearby the transferee forum."  Trouve Enterprises, 2008 U.S. Dist. LEXIS 7827, at *7.  Furthermore, defendant has not demonstrated that any of these individuals have relevant trial testimony.  Even if they do,  defendant's concern is mitigated by two factors.  First, inventors of plaintiff WNS Holdings' patents have agreed that if necessary, they will testify and transmit any relevant documentation.   (Decl. of Russ Routsong, dkt. #40, ¶ 2-3; Decl. of Tom Farmakis, dkt.

7

#41, ¶ 2-3.) Second, "technological advancements have diminished traditional concerns related to ease of access to sources of proof[.]" <u>Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.), Inc.</u>, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005).

### B. Severance of Claims

The court has discretion to sever any claims when they would make a case too complex or when a party would be prejudiced by the court's failure to sever. <u>Otis Clap & Son, Inc. v. Filmore Vitamin Co.</u>, 754 F.2d 738, 743 (7th Cir. 1985) (Fed. R. Civ. P. 21 "gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants"). Severance is also appropriate if a plaintiff's claims have been improperly joined under Fed. R. Civ. P. 20. <u>Insolia v. Philip Morris, Inc.</u>, 186 F.R.D. 547, 548 (W.D. Wis. 1999). Plaintiffs may join their claims under Rule 20(a)(1) if 1) the right to relief asserted by each plaintiff and arises out of the same transaction, occurrence or series of transactions; and 2) some question of law or fact common to all the parties will arise in the action. In determining whether the claims satisfy the "same transaction" requirement, the court should consider the policies of efficiency, convenience, consistency, and fundamental fairness. <u>Insolia</u>, 186 F.R.D. at 549.

Plaintiffs' claims were properly joined under Rule 20(a). First, the claims arise out of the same transaction, namely, defendant's use of an avionic safety system that contains

allegedly infringing functions. Plaintiffs allege that their patented inventions use geolocation, or GPS, to send data to third parties to prevent aircraft collision. Plaintiffs contend that their patents are infringed by separate functions of the system defendant uses. Plaintiffs' complaint satisfies Rule 20(a) in that common facts link plaintiffs' claims. All of plaintiffs' patents use geolocation in aircraft collision avoidance technology or aircraft emergency detection systems. Overall, this case presents common questions of fact regarding the similar features of plaintiffs' patents and whether the accused device infringes those patents.

Furthermore, there is substantial benefit to the joinder of the claims. Both the parties and the court benefit from maintaining the claims together to avoid duplicative work. Garmin Ltd. v. TomTom, Inc., No. 06-C-0062-C, 2006 WL 3377487, *1 (W.D. Wis. June 15, 2006). The discovery process is more streamlined than if each plaintiff proceeded with discovery individually. The parties can inquire about the patents and infringing equipment without producing separate interrogatories and requests for admission from each party or holding separate depositions for each witness. The parties save resources, and the court maintains judicial economy by not having to resolve three separate discovery disputes. Finally, defendant's contention that it is prejudiced by simultaneously defending against plaintiffs' claims is unpersuasive. Defendant would be required to defend the claims simultaneously regardless of severance.

Defendant's remaining arguments concern the potential prejudice of trying this case before a jury, if it were to reach that point. With discovery ongoing, it is premature to conclude that jurors will be confused by the issues presented; once the parties finish discovery and the court has ruled on any dispositive motions, defendant can renew its concern, if need be, under Fed. R. Civ. P. 42(b). Accordingly, I will deny defendant's motion to sever claims.

## ORDER

IT IS ORDERED that defendant United Parcel Service, Inc.'s motion to transfer venue to the Northern District of Georgia or the Western District of Kentucky and defendant's motion to sever plaintiffs' claims are DENIED.

Entered this 24th day of October, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

10