IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WNS HOLDINGS, LLC,

                          Plaintiff,

      v.

UNITED PARCEL SERVICE, INC.,

                          Defendant.

OPINION AND ORDER

08-cv-275-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 14, 2009, I granted defendant United Parcel Service, Inc.'s motion for summary judgment of non-infringement of claim 7 of plaintiff WNS Holdings, LLC's U.S. Patent No. 5,355,194 (the '194 patent) and claim 1 of plaintiff's U.S. Patent No. 6,314,366 (the '366 patent). Dkt. #235. Judgment was entered in favor of defendant on July 17, 2009. Dkt. #236. Fourteen days later, on July 31, 2009, defendant filed a motion for attorney fees and expenses incurred after January 9, 2009, contending that this case is an "exceptional case" under 35 U.S.C. § 285. Dkt. #242. I am not persuaded that it is an exceptional case and will deny defendant's motion.

Ordinarily, the American Rule governs the awarding of attorney fees in patent cases, as it does in most civil litigation. Under that rule, the prevailing party absorbs its own costs

1

and fees. The rule does not apply if a prevailing party can show both that it has a source of authority allowing recoupment of those costs and fees, such as a statute or contractual agreement, and that it meets the criteria for an award under that authority. The Federal Circuit has made it clear "that § 285 is an exception to the American Rule and a change to the pre-1946 practice of not awarding attorney fees based upon equitable considerations in patent cases." Forest Laboratories, Inc. v. Abbott Laboratories, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (citation omitted). Nonetheless, in passing § 285, Congress noted that "'[i]t is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits.'" Id. (quoting Rohm & Haas Co. v. Crystal Chemical Co., 736 F.2d 688, 690-91 (Fed. Cir. 1984) (internal quotation omitted)).

Under § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The test for determining whether to award attorney fees under § 285 is a two-step process. Cybor Corp. v. FAS Technologies, Inc., 138 F.3d 1448, 1460 (Fed. Cir. 1998). The first step requires a factual determination whether the case is "exceptional"; the second requires a determination whether, in the court's discretion, attorney fees are appropriate. Id. The "characterization of the case as exceptional must be established by clear and convincing evidence." Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc., 393 F.3d 1378, 1382 (Fed. Cir. 2005).

Factors relevant to determining whether a case is "exceptional" include "closeness of

the question, pre-filing investigation and discussions with defendant, and litigation behavior." Computer Docking Station Corp. v. Dell, Inc., 519 F.3d 1366, 1379 (Fed. Cir. 2008) (citations omitted). Moreover, a case may be exceptional where the losing party has "prolong[ed] litigation in bad faith." Id. Section 285 aims to prevent "gross injustice" resulting from bad faith litigation, Beckman Instruments Inc. v. LKB Produkter AB, 892 F.2d 1547, 1552 (Fed. Cir. 1989), and to deter parties from bringing "clearly unwarranted suits." Mathis v. Spears, 857 F.2d 749, 754 (Fed. Cir. 1998). In other words, a court may find a case exceptional if the conduct of the losing party would make it grossly unjust for the prevailing party to be left with the burden of litigation expenses. Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1364 (Fed. Cir. 1990).

Defendant contends that this is an exceptional case under § 285 because plaintiff (1) engaged in litigation misconduct and (2) prolonged the litigation in bad faith after the court's January 9, 2009 claims construction ruling. (Defendant does not challenge plaintiff's pre-trial investigation and is seeking only fees and costs from after the court's claim construction ruling. Thus, I need not address the extent of plaintiff's pre-filing investigation.)

Defendant's first contention is a stretch. Defendant points to its motions to compel as evidence that plaintiff engaged in litigation misconduct. However, the discovery disputes do not evidence misconduct. First, in addressing defendant's motion to compel regarding

3

plaintiff's clawback of previously disclosed privileged documents, dkt. #64, Magistrate Judge Crocker found that plaintiff's actions were the result of error, not misconduct:

> So I don't think that WNS waited too long or that there were too many documents that were disclosed or that the scope of discovery was such that it makes it unreasonable to allow a clawback. It looks like the heart of the mistake here was a *miscommunication* between Atlanta counsel and the producing attorney on behalf of WNS, so I'm not overly concerned about that.
>
> . . . .
>
> But we got this [motion to compel] all hatched up because of a mistake made at the front end by WNS. *Inadvertent*, I will give you that, but [here we] are.

Hrg. Trans., dkt. #293, 5: 4-10 & 29: 4-6 (emphasis added). Next, defendant's emergency motion to compel depositions, dkt. #72, was resolved by the parties' agreement to triple-track three expert depositions, dkt. #89. There is no evidence that the delay in scheduling those depositions was caused by misconduct on plaintiff's behalf rather than the number of depositions that had to be conducted in a short amount of time.

Defendant's emergency motion to depose Michael Wallace, dkt. #95, was not the result of misconduct. Magistrate Judge Crocker granted defendant two hours in which to depose Wallace regarding the issue of laches. In doing so, the magistrate judge said:

> In terms of who is at fault here, I can't make the call. I mean, both sides are pretty certain that they have been had by the other side. . . . At this point, I can't say that one side or the other is not doing what it's supposed to. Both sides have positions that are valid to them. I'm just going to call the balls and strikes on each motion. I'm not going to impose costs here. It sounds like everybody is working hard. You have got deadlines. You have got experts. You are triple-tracking. That's the way it

4

works in this court.

Id., dkt. #295, 20: 5-20. From the record, the discovery dispute appears to be no worse than the usual discovery dispute in a vigorously litigated case.

Finally, defendant points to its motion to strike plaintiff's pretrial disclosures, dkt. #214, as evidence of misconduct on plaintiff's part. It is true that plaintiff's initial pretrial disclosures were "not helpful, [and] certainly [ ] not what the Court intend[ed]" when asking for submission of exhibits or disclosure of depositions that would be used at trial. Hrg. Trans., dkt. #294, 4: 25-5: 1. However, as Magistrate Judge Crocker noted, the submissions did not "violate the letter of the Court's order[.]" Id., dkt. #294, 5: 6-7. In fact, the magistrate judge explained that part of the issue was "[a] need to fine tune [the court's] order. Particularly in the patent lawsuits, we found that the attorneys are very bright and very adept and they are always thinking of things that we haven't thought of, and so our job is to try to clarify so that there is not confusion in the bar and so that there are no unintended loopholes left by the Court." Id., dkt. #294, 15: 12-18. Further, plaintiff immediately fixed the shortcomings in its initial disclosures. Accordingly, plaintiff's initial pretrial disclosures do not evidence litigation misconduct.

Annoying as the discovery disputes were, they are not so unusual as to make this an exceptional case. The term "exceptional" means just that. See, e.g., Third Wave Technologies, Inc. v. Stratagene Corp., 405 F. Supp. 2d 991, 1015-18 (W.D. Wis. 2005)

(finding exceptional case where party gave untruthful answers to interrogatories, disobeyed court orders, unilaterally canceled depositions, violated protective order and asserted wholly unsupported defenses and frivolous responses to findings of fact on summary judgment). At most, the discovery disputes involved inadvertent mistakes and miscommunications. Such issues do not evidence the type of gross negligence necessary to make a case exceptional. Machinery Corporation of America v. Gullfiber AB, 774 F.2d 467, 474 (Fed. Cir. 1985) ("Mere error does not approach the level of bad faith or gross negligence necessary to characterize a case as exceptional.").

Defendant's other contention is that this is an exceptional case because plaintiff prolonged the litigation in bad faith. Defendant contends that plaintiff's decision to continue litigating this case after the court's construction of "report the status and location of the aircraft in response to the switch" in claim 7 of the '194 patent and "synchronizing the transmission of said evasive maneuver" in claim 1 of the '366 patent demonstrates bad faith. I am not persuaded.

It is true that plaintiff's opposition to defendant's motion for summary judgment of non-infringement of claim 7 of the '194 patent was a restatement of its claims construction argument that "in response to the switch" should be understood to mean "in response to the state of the switch." However, its argument was not in bad faith in light of the court's construction of the term to mean "report the status and location of the aircraft when the

6

switch is activated." Dkt. #62 at 1. Although the court believed that the construction was clear, use of the word "when" provided plaintiff enough wiggle room to continue pursuing its infringement claim under its "state of the switch" theory without acting in bad faith. Plaintiff's pursuit of its contention that the "in response" term be understood to mean "in response to the state of the switch" was not objectively baseless, even after the claims construction ruling.

Nor was plaintiff's contention that defendant's aircraft's use of TCAS II infringed the synchronizing step in claim of the '366 patent objectively baseless after claims construction. In the claims construction ruling I construed the synchronizing step to mean "coordinating the timing and manner of the transmission of the evasive maneuver so that the transmission can occur without interfering with other transmissions." Dkt. #62 at 2. At summary judgment, I determined that although TCAS II used interference avoidance methods to increase the odds that other aircraft would receive an evasive maneuver, those methods did not involve coordination between aircraft about when the maneuver would be transmitted. Dkt. #235 at 29. I noted that TCAS II's interference avoidance methods were not the same as the patented method and that the patented method was intended to be an improvement on the TCAS II method. Id. at 30. Deciding whether the two methods were the same was not so obvious as to evidence bad faith. Defendant's exceptional case contention is based entirely on the hindsight adoption of this court's construction of the '194 and '366 patents.

7

More than this is required to prove by clear and convincing evidence that plaintiff pursued this litigation in bad faith.

Moreover, it is suspect that this case was so obviously baseless after the court's claim construction ruling when one considers the $1.9 million defendant spent in fees and costs after the ruling. It is puzzling how this case could have required such expenses if it was so clear that a simple motion for summary judgment based only on the two relevant constructions would have brought the case to the end. Defendant is correct in noting that it had no choice but to defend itself. However, defendant does not explain why its defense would not have rested solely on what it now says were rock-solid defenses; why it waited to file its motion for summary judgment; or why after the claims construction ruling defendant still believed that its laches defense remained a major issue in the case, necessitating an emergency motion to compel an additional deposition of Michael Wallace. Hrg. Trans., dkt. #295, 11: 9-11. Although defendant was not required to drop its additional defenses, its decision to expend resources on them supports the conclusion that further litigation in this case was not pursued in bad faith.

Additionally, defendant contends that the court should not punish its vigorous defense of this litigation for plaintiff's failure to dismiss its own allegedly baseless claims. Def.'s Reply Br., dkt. #296, at 1. However, denying defendant recovery of its attorney fees is not a punishment. Denying defendant its fees merely maintains the status quo under the

8

general rule that the prevailing party absorbs its own costs. Granting defendant its fees would be the exception to the rule, not the other way around. No such exception is warranted in light of the facts here.

After reviewing the record, I am not persuaded that an award of attorney fees is necessary to avoid gross injustice to defendant. Rohm & Haas Co, 736 F.2d at 691. Because defendant has failed to prove by clear and convincing evidence that this is an exceptional case, its motion for attorney fees will be denied.

## ORDER

IT IS ORDERED that defendant United Parcel Service, Inc.'s motion for attorney fees, dkt. #242, is DENIED because this is not an exceptional case under 35 U.S.C. § 285.

Entered this 29th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge