IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WNS HOLDINGS, LLC,

                                                    ORDER

                Plaintiff,

                                                 08-cv-275-bbc

     v.

UNITED PARCEL SERVICE, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On July 17, 2009, judgment of non-infringement was entered in favor of defendant. Dkt. #236. On August 6, 2009, plaintiff filed notice that it was appealing the judgment and several court orders to United States Court of Appeals for the Federal Circuit, dkt. #278, and on October 2, 2009, defendant was awarded $85,553.30 in costs. Dkt. #299. Before the court is plaintiff's motion for a stay of execution of judgment pending its appeal. Dkt. #302.

       Plaintiff files its motion for a stay under Fed. R. Civ. P. 62(d), which states:

> **Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Instead of posting a supersedeas bond to assure defendant that the judgment will be paid if it is affirmed, plaintiff seeks to deposit $85,553.30 with the court. Defendant does not oppose plaintiff's proposal to deposit money with the court.

Plaintiff cites this court's decision in Lindquist Ford, Inc. v. Middleton Motors, Inc., No. 07-cv-12-bbc, 2008 WL 4690515, at *1 (W.D. Wis. Mar. 8, 2008), in support of its request to substitute a deposit with the court for a supersedeas bond in obtaining a Rule 62(d) stay. In Lindquist I noted that "[a]lthough the statute appears absolute, courts have used their discretion to allow the securing of a judgment by means other than supersedeas bonds, in situations in which a substitute security appears to be sufficient to protect the judgment." Id. (citing Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988). In Lindquist, I granted the defendant a stay and determined that a Letter of Credit was an acceptable substitute for a supersedeas bond.

Nonetheless, in this case, I will deny plaintiff's request for a stay. I find no reason, and plaintiff has not given any, why the court should be involved in holding money to assure defendant that its judgment will be paid if plaintiff's appeal is unsuccessful. Plaintiff has made it clear that it has the $85,553.30 in costs, as it offers to deposit the money with the court. However, it has not explained why that option should be used instead of obtaining a supersedeas bond, as the statute requires, or, at least, a Letter of Credit. If plaintiff wants the *automatic* stay provided for under Rule 62(d), it can obtain a supersedeas bond. Dillon,

2

866 F.3d at 904 (Rule 62(d) provides an "automatic stay of execution of judgment pending appeal by posting a bond."). Because plaintiff seeks to obtain a stay using a substitute for a supersedeas bond, it is within the court's discretion to deny that request.

Moreover, plaintiff has the option of paying defendant its costs and obtaining that money back from defendant if it wins its appeal. E.g., Dale M. ex rel. Alice M. v. Board of Education of Bradley-Bourbonnais High School District No. 307, 237 F.3d 813, 815 (7th Cir. 2001) ("A judgment creditor who pays the judgment pending appeal instead of posting a supersedeas bond . . . is entitled to return of its money if the decision is reversed[.]"). Accordingly, plaintiff's motion to stay execution of judgment will be denied.

ORDER

IT IS ORDERED that plaintiff WNS Holdings, LLC's motion for a stay of execution of judgment pending its appeal, dkt. #301, is DENIED.

Entered this 2nd day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge